HONORA M. HUBBARD AND OTHERS, RESPONDENTS, v. ANNA H. GILBERT AND OTHERS, APPELLANTS, IMPLEADED, ETC.

*Conveyance to a party other than the one paying the consideration — effect of a covenant by the grantee to convey to the appointee of the party paying for the land— rights of the heirs-at-law of the party paying for the land to compel its performance.*

In 1861 certain land was conveyed by the owner thereof, to Kingsbury, Gilbert and Fessenden, as joint tenants, at the request of said Kingsbury and in execution of a contract theretofore made by the owner with said Kingsbury to convey the same to him. All the consideration was furnished by Kingsbury, the other two furnishing no portion thereof. It did not appear that Kingsbury had at that time any creditors. At the same time Gilbert and Fessenden executed an agreement whereby they covenanted and agreed to grant and convey the land according to Kingsbury's appointment. Kingsbury thereafter died intestate without having made any valid disposition of the said land. Thereafter Fessenden died, and finally Gilbert, who was at the time of his death in possession of the land, and the same was thereafter possessed, occupied and used by his heirs-at-law. *Held*, that the covenant of Gilbert and Fessenden gave to Kingsbury the fee of the land and a right to have it conveyed to his appointee, and that as no valid appointment was made by him during his life, and as he died intestate, his interest therein descended to his heirs-at-law.

That if the fee did not vest in him by virtue of the deed and his absolute power of disposition over the shares of his co-tenants, he acquired an equitable right to have them compelled to convey to his appointee, which passed to his heirs upon his death and could be enforced by them.

APPEAL from a judgment in favor of the plaintiffs, entered upon the trial of this action by the court without a jury.

The action was brought to obtain a construction of the will of Harmon Kingsbury, deceased, and to have the rights of his heirs-at-law in certain real estate established.

The plaintiffs are the heirs-at-law of Harmon Kingsbury, and the defendants, against whom relief is asked, are the widow, children, administrator and administratrix of Edward Gilbert, deceased.

In March, 1852, Harmon Kingsbury entered into a written contract with Henry H. Biddle to buy certain lands, including the premises described in the complaint, for $20,000. When the contract was executed, Mr. Kingsbury paid $7,000 and went into possession of the property. May 13, 1861, Mr. Kingsbury, who had meantime paid several thousand dollars more on account of the property, contracted with Joel Smith for a valuable consideration to sell to him his interest in said lands, and requested Biddle to convey them to the latter. Biddle did so by deed of June 10, 1861, and on the same day Joel Smith, who had covenanted in his contract with Mr. Kingsbury to convey to the latter part of the premises conveyed by Biddle, at the request of Mr. Kingsbury, conveyed the property described in the complaint to Harmon Kingsbury, Edward Gilbert and Henry P. Fessenden, to have and to hold the same to them, the survivors and last survivor of them, his heirs and assigns forever, as joint tenants and not as tenants in common. The whole consideration was furnished by Kingsbury. It does not appear that he then had any creditors.

Mr. Gilbert was a friend of Mr. Kingsbury; Mr. Fessenden was also his friend and is said to have been his attorney. This conveyance is expressed as being in consideration of $10,000 paid by the three joint tenants. Contemporaneously with this deed, and on June 10, 1861, Gilbert and Fessenden executed and delivered to Mr. Kingsbury a sealed instrument in which they agreed with him, not naming his heirs and executors, to convey according to his appointment all lands and other property held jointly with him, at his expense.

Mr. Kingsbury continued in possession of the property until his death, which occurred in 1865. He left a widow who still survives, but no issue. Mr. Fessenden died in 1867. Mr. Gilbert after this assumed the sole possession of the property, and continued in such possession until his death in January, 1874, since when his heirs have been and they now are in possession. While Mr. Gilbert was in possession he received the income, paid taxes and repairs, and employed the witness Elliott to look after the property. Mr. Gil-

bert's heirs have paid a balance alleged to be due Elliott, and the taxes since Mr. Gilbert's death, amounting in all to more than $1,000. They have received nothing in the shape of income.

During his lifetime Mr. Kingsbury did not exercise his power of appointment, nor did he call upon Gilbert and Fessenden to convey. He, however, executed an instrument requesting them to convey to himself, or to some person designated by him, but the instrument was never delivered. He left a last will, executed February 14, 1860, more than a year before the deed to the three joint tenants, and more than five years before his death. By it he attempted to establish upon the property in question an educational institution, in which should be taught certain doctrines contained in works written by him. This portion of the will was adjudged by the court to be void.

*Gilbert H. Crawford,* for infant heirs of Edward Gilbert, appellants.

*John A. Mapes,* for the respondents.

GILBERT, J.:

This action, so far as it seeks a construction of the will of the testator, cannot be sustained for the reason that the plaintiffs claim in opposition to the will (*Shipman* v. *Montgomery*, 63 N. Y., 221), but that claim was merely incidental to the real objects sought to be attained by the suit, namely, the fastening of a trust upon the real estate in controversy, and an accounting by the representatives of Edward Gilbert, deceased. The questions presented, no doubt, involve the title to that real estate and the right to the possession thereof. Ordinarily such questions can be litigated only in an action of ejectment, in which the parties have the right of trial by jury. But it is immaterial to consider whether the defendants have been deprived of that right, because no objection was taken to the mode of trial adopted. All the questions were litigated before the court, and we think it is too late to urge that objection. Indeed it was waived by the express provision of the Code, and no objection to the form of trial has been raised on the appeal. (Code Civ. Pro., § 1009, subdiv. 4.) The facts in the case are undisputed.

The deceased, Mr. Kingsbury, was the real purchaser of the premises in controversy, and paid the entire consideration therefor. For some purpose, not satisfactorily disclosed, the premises were conveyed by the seller to Kingsbury, Fessenden and Gilbert, as joint tenants. By an instrument bearing the same date as the conveyance, Gilbert and Fessenden covenanted with Kingsbury to grant, assign, convey and dispose of, according to his appointment, all lands, real estate, mortgages, covenants and things in action held by or conveyed, assigned or made to them jointly with him, etc. It is a familiar rule that a deed and an instrument in the nature of a defeasance are to be read as one instrument, and the intent of the parties thereto as far as the same can be collected from the whole instrument and is consistent with the rules of law, must be carried into effect. ' (1 R. S., 748, § 2.) The instrument accompanying the deed mentioned is in form a covenant with Kingsbury to convey the lands according to his appointment. It contains no limitation or restriction whatever upon the exercise of that power of appointment. That the covenant had the effect to vest in Kingsbury a power of appointment is unquestionable. No form of words is requisite to create a power. (1 Sugd. [Pen. ed. 1856], 120, 134, and notes; 4 Kent's Com. [7th ed.], 334.) The power was general and beneficial. Under it Kingsbury might have appointed to himself or any other person. The power was absolute inasmuch as no restriction either as to the mode of its exercise or the persons to be benefited thereby was imposed. It enabled Kingsbury to dispose of the entire fee of the shares of Gilbert and Fessendon, derived from said deed, in his lifetime and for his own benefit. Such a power of disposition vests in the grantee an absolute fee. (1 R. S., 732, 733, §§ 81–85.) The effect of the conveyance from Smith to Kingsbury, Gilbert and Fessendon, therefore, in connection with the covenant aforesaid, was to vest in Kingsbury the entire fee of the estate conveyed by that deed. The law of this State does not tolerate the holding of the title to lands by persons not beneficially interested therein, except upon some valid trust properly manifested. (1 R. S., 727, § 47; 4 Kent's Com. [7th ed.], 366.) The grant contained in said conveyance being to the grantees as joint tenants does not affect the principles mentioned. For although joint tenants are seized *per*

*mie et per tout,* yet it is in the power of any one of them to dispose of his own share of the lands in his lifetime, subject to the right of survivorship of his co-tenants. (Co. Litt., 186, *a.; Meeker* v. *Wright,* 76 N. Y., 271, 272.) If the foregoing views are correct they dispose of the case. But if any doubt could arise respecting the fact that the fee of the land was actually vested in Kingsbury, the facts proved are sufficient to raise a trust in his favor embracing the entire equitable interest in the shares of Gilbert and Fessendon. The provision of the statute (1 R. S., 728, § 51) that where a grant shall be made to one person, and the consideration therefor shall be paid by another, no trust shall result to the person by whom such payment shall be made, but the title shall vest in the alienee named in the conveyance, is not applicable to this case; but if it were applicable the statute would vest the title precisely where it was vested by the grant from Smith. The statute, therefore, would produce no change in the interest of the alienees named in the conveyance, namely, Kingsbury, Gilbert and Fessenden. It is not necessary to consider what was the effect of the conveyance from Smith and the covenant of Gilbert and Fessenden with Kingsbury, upon the rights of the creditors of the latter, for it does not appear that he had any creditors. It is sufficient to say that the legislature have clearly manifested their intention that the grant of Smith should not vest in Gilbert and Fessenden any interest in the estate granted contrary to the equitable interest of Kingsbury, by preserving the equitable doctrine of trusts which arise by operation of law. (1 R. S., 728, § 50.) The covenant of Gilbert and Fessenden gave to Kingsbury a clear right to have the land conveyed to his appointee. No valid appointment having been made by Kingsbury, during his lifetime, and he having died intestate as to the lands in controversy, his interest in said lands has descended to his heirs. If the fee thereof did not vest in him by virtue of the grant from Smith and of his absolute power of disposition of the shares of his cotenants, then his heirs acquired the whole equitable interest in the lands; for a trust to that effect arose from the payment of the consideration of the purchase thereof by Kingsbury, and the covenant of his cotenants to convey to his appointee, the execution of which equity would have enforced in favor of Kingsbury in his lifetime by compelling a conveyance to himself, if he had so appointed,

and we think his heirs are entitled to have the trust enforced for their benefit. (Lewin Tr., 140, note 2; *Siemon* v. *Schurck*, 29 N. Y., 614; *Carr* v. *Curr*, 52 id., 260; *Foot* v. *Bryant*, 47 id., 547.) Equity also regards that as done which ought to be done. We are of opinion, therefore, that the judgment correctly disposed of the question of the title to the lands. No objection has been taken on this appeal respecting the decision of the court below in any other respect.

The judgment must be affirmed, with costs.

DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Judgment affirmed, with costs.