FREMONT C. GAGE, APPELLANT, *v.* MYRON GAGE AND OTHERS, RESPONDENTS.

*Will — when devisees will be held to take as joint tenants and not as tenants in common.*

This action was brought by one of the heirs-at-law of Michael Gage, deceased, to obtain a construction of a clause in his will, which, after devising to his wife for her life the use, rents and profits of a certain tract of land, read as follows: "At the decease of my said wife I give, bequeath and devise the said described premises to my son, Fremont Gage, and my daughter, Lucy Olmstead, for their use and benefit during their natural lives, and at their decease I give and bequeath the same to their heirs forever, to be divided equally between them, share and share alike."

*Held*, that Fremont and Lucy took under this clause as tenants in common and not as joint tenants, and that at the death of each the share of such tenant descended to the heirs of the one so dying in fee.

That as the absolute power of alienation was not, by this clause, suspended for more than two lives in being, at the time it took effect, the will was valid.

*Campbell* v. *Rawdon* (18 N. Y. 412) followed; *Purdy* v. *Hayt* (92 id., 446) distinguished.

APPEAL by the plaintiff from a judgment entered in Yates county, upon the trial of this action by the court without a jury.

The following opinion, upon which the judgment was affirmed by the general Term, was delivered by Mr. Justice RUMSEY in the court below:

RUMSEY, J. — This action is brought solely for a construction of the will of Michael Gage, deceased, and the plaintiff, one of his

heirs-at-law, claims in hostility to the will. There is no precedent for such an action, and if the objection had been taken the complaint must have been dismissed. (*Chipman* v. *Montgomery*, 63 N. Y., 221.) But as all the parties are here, and have agreed to the question presented and desire a decision on it, I will pay no attention to the objection which they have not raised. The second clause of the will is the one which is presented for construction, and which is claimed by the plaintiff to be void. By it the testator devised to his wife for her life the use, rents and profits of a certain tract of land, then followed a devise in these words: " At the decease of my said wife I give, bequeath and devise the said described premises to my son, Fremont Gage, and my daughter, Lucy Olmstead, for their use and benefit during their natural lives, and at their decease I give and bequeath the same to their heirs forever, to be divided equally between them, share and share alike." The plaintiff claims that this clause of the will is void, because it operates to suspend the power of alienation for more than two lives in being. His contention is that Fremont and Lucy take as joint tenants, and that, consequently, the devise to them creates a joint estate in them for their lives, and a life estate to the survivor of them, with remainder over to their heirs, and that these two life estates, added to the estate for the life of the widow, suspend the power of alienation for three lives, and the devise is, therefore, void. The question is, then, do Fremont and Lucy take under this clause of the will as joint tenants or as tenants in common? If they take as tenants in common, each has his share in severalty. There is no survivorship between them. At the death of each his share descends to his heirs in fee, and the power of alienation is not suspended for more than two lives in being, and that clause of the will is valid.

It is provided, by a statute of this State, that every estate granted or devised to two or more persons in their own right shall be a tenancy in common unless expressly declared to be a joint tenancy. (3 R. S. [7th ed.], 2179, § 44.) This has been the policy of the law of this State since 1786, when the first law of that nature was passed. (1 Greenl., 207, § 6.) By these statutes the rule of construction which obtained at common law was precisely reversed, and instead of there being a presumption that a devise to two per-

sons makes them joint tenants, the presumption is that they are tenants in common, and this is only removed by an express declaration that they take as joint tenants, or by words from which it clearly appears that there is an intention to create a joint tenancy; and nothing less than this will do it. (*Purdy* v. *Hayt*, 92 N. Y., 446, 453.) This intention can only be gathered from the expression used in the devise, and must be a necessary implication from it, and in no other way can the law be satisfied. In this case the devise is to Fremont and Lucy for "their natural lives, and at their decease" to their heirs. There is nothing in the words used to indicate that they take as joint tenants. The case is precisely within *Campbell* v. *Rawdon* (18 N. Y., 412). The devise there was to the testator's sons, George and Joseph, and to his housekeeper, Jane, for their natural lives, "and after their decease" to the heirs of John. The court say : "It is entirely clear that the three persons named took their life estates as tenants in common and not as joint tenants. On the death, therefore, of any one of the three the limitation over to the heirs of John Bill took effect as to an undivided third of the lands in question, and when another died then as to another third." (P. 414.) There are several later cases which illustrate the strictness with which the statute is construed. (*Purdy* v. *Hayt*, 92 N. Y., 446 ; *Mott* v. *Ackerman*, Id., 539). My attention has been called to a decision of one of my brethren upon the third clause of this will, in which, upon language identical with that used in the second clause, he reaches the conclusion that the devisees took as joint tenants. By reason of that decision I have examined this question with renewed care, but I can see no escape from the express words of the statute or from the case of *Campbell* v. *Rawdon* cited above. The counsel for the plaintiff, however, insists that although these parties take as tenants in common, yet there is a cross-remainder to each one after the death of his co-tenant, and for that reason the power of alienation is suspended for three successive life estates. This claim is adverse to the construction given in *Campbell* v. *Rawdon* (*supra*), as shown by the quotation made above from that case. It is contended that the claim is supported by the case of *Purdy* v. *Hayt* (*supra*), but it will be seen that the court reached the conclusion that cross-remainders were limited to the tenants in common by a consideration of the intent of the testator, derived, not

from the words in the devise, but from another provision of the will, postponing a sale of the premises until after the death of the last of the co-tenants. (See pp. 453, 454.) There is nothing in this case to take it out of the rule laid down by Judge COMSTOCK in *Campbell* v. *Rawdon* (*supra*). The result is that the second clause of the will devises only two and not three successive life estates, and that it is not void as illegally suspending the power of alienation. The plaintiff fails, therefore, at the outset of his case and his complaint must be dismissed. Of course the plaintiff should pay costs to those of the defendants who have appeared. As there are four separate appearances by four different sets of defendants, who have appeared by different attorneys, I think each set should have a bill of costs. They all had interests to protect, and they were not connected in interest, and it was proper that they should appear separately. I will, therefore, give a separate bill of costs to each set of defendants. (2 Bliss Code, § 3229.)

On an appeal to the General Term by the plaintiff the cause was argued by:

*J. Henry Metcalf*, for the appellant.

*Edwin Hicks*, for Myron Gage, respondent.

*H. M. Field*, for Minnie L. Wyckoff, respondent.

*Frank Rice*, for Homer B. Gage and others, respondents.

*Homer J. Reed*, for Wesley Morley and others, respondents.

Present — SMITH, P. J., BARKER, HAIGHT and BRADLEY, JJ.

Judgment affirmed, with costs, on the opinion of RUMSEY, J., at Special Term.