(24 Misc. Rep. 170.)

BALDWIN et al. v. PALEN et al.

(Supreme Court, Special Term, Orange County. June, 1898.)

1. WILLS—ACTIONS TO CONSTRUE—PERSONS ENTITLED.
    Persons whose interest in one parcel of property devised by their grandfather is that of a fee devised to their mother, since deceased, subject to a life interest in an uncle, and who make no claim that their contingent rights are in any way jeopardized, and all of whose rights are enforceable at law, may not ask a construction of the grandfather's will generally.

2. EQUITABLE ESTOPPEL BY CONTRACT—HEIRS AND DEVISEES.
    A trust in a will in favor of a brother, the validity of which was afterwards recognized by his sister in an agreement, may not be impeached by heirs and devisees of the sister, in the absence of a showing of facts calling for equitable relief.

3. PERPETUITIES—LEGACIES CHARGEABLE ON REALTY.
    Real estate devised in trust to pay the income to two children, the survivor to take the entire income, was made subject to the lien of a life-

annuity. *Held*, that such lien involved no interest in the property, and hence the devise did not suspend the alienation of such real estate for more than two lives.

4. WILLS—CONSTRUCTION—RIGHT TO INCOME.
　　Under a will which devises real estate to two children, with remainder to their heirs, and which provides that on the death of one the survivor is to take "all the income," the heirs of the first child dying are not entitled to share in the income with the survivor.

5. TRUSTS—REMOVAL OF TRUSTEE—GROUNDS.
　　A trustee under a will may not be removed where there is no charge that he is not properly caring for property in his hands, or that he is in any way imperiling the estate or sacrificing its interests.  ·

Action by Eliza A. Baldwin and Adriance S. Baldwin, by Charles G. Baldwin, their guardian ad litem, against Peter E. Palen, as executor, etc., of Lewis N. Stanton, deceased, and William G. Stanton, for the construction of a will.　Complaint dismissed.

Vanamee & Watts, for plaintiffs.

T. F. Bush, for defendants Palen (as executor) and William G. Stanton.

J. E. Barnes (Thomas Watts, of counsel), for Charles G. Baldwin.

HIRSCHBERG, J.　Lewis N. Stanton died June 2, 1886, leaving his widow, Sarah Alice Stanton, and his children, William G. Stanton and May Stanton Baldwin, his only heirs and next of kin.　He left a will dated October 21, 1884, and a codicil dated September 19, 1885. They were both admitted to probate in Sullivan county June 16, 1886, and letters granted to the executors and trustees, viz. May Stanton Baldwin, Charles W. Rockwell, and the defendant Peter E. Palen. Rockwell died in May, 1893, and May Stanton Baldwin in December, 1893.　The latter left a will and codicil, which were duly admitted to probate in Orange county July 17, 1894, of which the defendant Charles G. Baldwin is administrator with the will annexed, and the plaintiffs are the heirs and devisees.　During the lifetime of all the executors and trustees the estate of Lewis N. Stanton was settled by the surrogate of Sullivan county in accordance with the terms of an agreement executed by the heirs and devisees, and ratified by the adjudication of the surrogate.　By the terms of the will and codicil of Lewis N. Stanton, after certain bequests an annuity of $800 was given to his widow during life or widowhood.　Of the rest of his estate, one-half was devised and bequeathed to his daughter, May Stanton Baldwin, the mother of the plaintiffs.　The other half was disposed of as follows: If the conduct of his son, William G. Stanton, was such when he had arrived at the age of 25 years as to show him, in the judgment of the executors, capable to care for and manage it, the testator gave, devised, and bequeathed to him the other remaining half of the estate; but in the event that when he arrived at the age of 25 years his conduct had been such that, in the judgment of his executors, he had not shown himself capable to care for and manage the remaining half of the estate, said half was given, devised, and bequeathed to the daughter, May Stanton Baldwin, in trust for said son,—to pay him the income thereof semiannually, and at his death the principal to his children, if he shall have married and left any

children him surviving.    The will further provided that in the event that either of the testator's children should not marry and leave children them surviving at the time of his or her death, the gift, devise, and bequest of that one should go to the one surviving, forever.    The testator further gave to his executors and trustees full power to manage his interest in a certain partnership business, empowered them to adjust and settle all accounts and transactions relating thereto, and gave them full power and authority to manage any and all of his real or personal estate, and receive all income therefrom; to sell and convey any real or personal property, when, in their judgment, it shall be to the interest of the estate so to do; to loan the moneys of the estate on good and sufficient securities; to purchase property, or an interest in property; to make investments, when, in their judgment it shall be to the interest of his estate so to do; to pay over the annuity bequeathed to his said wife during their trusteeship; to furnish to his children such sums of money from time to time as shall be necessary for their support and comfort; and to carry into effect his last will and testament,—directing them to manage all things to the best interest of the estate, and to take so much time in closing and settling the same as will bring about the best results as speedily as possible.    By the terms of the will the annuity to the widow was made a lien upon the real estate owned by him at his decease in the village of Oneonta, Otsego county, N. Y.    By the terms of the codicil the annuity of $800 was not only made a lien upon the real estate in Oneonta, but the testator further provided that, in the event that the income from said real property should not be sufficient for that purpose, it was declared a lien upon his estate generally.    The codicil further provided as follows:

"And I further hereby declare that my will is that neither of my children, May Stanton Baldwin and William G. Stanton, shall sell, partition, or in any manner dispose of or incumber my said real estate in said village of Oneonta, Otsego county, New York, hereinbefore devised and bequeathed, during the life of either of my said children, May Stanton Baldwin and William G. Stanton, and that in the event of the death of either of my said children aforesaid the survivor shall receive all the income from said Oneonta property remaining after the annual payment to my said wife, Sarah Alice Stanton, hereinbefore provided for; and it being my will and intention to provide that the income of my said Oneonta property shall, during the life of my said children, May Stanton Baldwin and William G. Stanton, be used for their support and benefit for and during their natural lives, and that my executors and trustees, during their trust, and my said children, May and William, thereafter, keep said Oneonta property insured against fire, and, in case of fire, that the insurance money be used to rebuild the same, to the end that their support and maintenance shall be provided for during their lives from my said real property situate at Oneonta, Otsego county, New York."

Upon the trial it was admitted that the testator was seised and possessed of real and personal estate, stocks, bonds, mortgages, cash, promissory notes, and other evidences of debt, situate in the county of Sullivan, and elsewhere in the state of New York, in addition to the real estate at Oneonta; that the widow, Sarah Alice Stanton, died November 13, 1887, having received her annuity regularly from the rents and income of the Oneonta property; that the whole of the income of the property remaining after the settlement with the daughter,

May Stanton Baldwin, pursuant to the surrogate's decree, has been paid over to William G. Stanton; that the plaintiffs are infants under the age of 14 years; that the property remaining after the settlement with the daughter, May Stanton Baldwin, was managed, cared for, and controlled by the trustees during their respective lives; that the said Peter E. Palen is the only surviving one of the three named as trustees; and that the said William G. Stanton was at the time of the commencement of the action about 30 years of age. These facts so admitted, together with proof given of the settlement before the surrogate of Sullivan county, constitute substantially all the evidence taken upon the trial, excepting that the parties further admitted that disputes and dissensions have arisen between the plaintiffs and the defendants as to the true meaning, construction, interpretation, and validity of the terms, provisions, and trusts set forth and created in and by the said will and codicil of the said Lewis N. Stanton, deceased; that dissensions and disputes have arisen between the plaintiffs and the said Peter E. Palen, as executor and trustee, as to whether or not the latter has any rights, as trustee or otherwise, under said last will and testament, inasmuch as the said William G. Stanton is now about 30 years of age, and it is claimed, and has been claimed by the plaintiffs ever since the death of said May Stanton Baldwin, that the said Peter E. Palen was acting and handling said real estate contrary to law, and against the letter and spirit of the will; that the defendants Peter E. Palen and William G. Stanton deny each and every claim and contention of the plaintiffs as set forth in the complaint, and deny that the plaintiffs are entitled to any interest or claim whatever in and to the funds and estate of the said Lewis N. Stanton, deceased; that they have refused to pay over any of the property, assets, or income from said estate; and that said Peter E. Palen has refused and still refuses to take any steps to ascertain by legal adjudication their rights or his interests, or the interpretation and construction of the terms and provisions of the will, although requested so to do by the plaintiffs, and that he, the said Peter E. Palen, resides between one and two hundred miles from the location of the property in question. The complaint sets forth various other claims and contentions on the part of the plaintiffs, involving allegations of wrongdoing by the defendant Palen, and of disputes and dissensions between the parties, all of which were denied by the pleadings and upon the trial, and in support of which no evidence was given. No evidence beyond that involved in the foregoing was given as to the disposition of the one-half remaining after the settlement with May Stanton Baldwin, or as to the action of the trustees at the time when William G. Stanton arrived at the age of 25 years, or as to whether or not his sister accepted the trust created by the will, or as to whether or not a successor was ever appointed after her death, or as to whether or not the said William G. Stanton was married and has children.

The relief sought by the plaintiffs is the determination of the rights of the said Peter E. Palen; the settlement of the disputes and dissensions; the appointment of a trustee, if he be held not to be a trustee; a construction and interpretation of the provisions of the will and codicil; the definition and adjudication of the rights of the plain-

tiffs in and to the Oneonta real estate, and to the property of the estate of the said Lewis N. Stanton, both real and personal; the determination whether or not there were any valid and legal trusts created by the will and codicil, and whether or not the alleged power in trust under said will, whereby the right of discretion is given to the trustees to pay the half of the property to William G. Stanton, is good and valid, and, if invalid, whether or not the attempted gift to the said William G. Stanton does not lapse and revert to the general estate of the testator; and, generally, that the court adjudge and determine the power and authority of the trustee under the said last will and testament.

It appears from the proceedings in the surrogate's court of Sullivan county that an agreement was executed by the executors and the children of the testator, viz. May Stanton Baldwin and William G. Stanton, dividing between said children all the property of the estate, other than that comprised in the Oneonta real estate. A memorandum of the proposed division in detail is included in the agreement, and said agreement provides that the property taken by May Stanton Baldwin is to be transferred to her absolutely, and the property taken for the benefit of William G. Stanton is to remain in the hands of the executors and trustees as provided by the will. The decree is dated July 21, 1890, and after reciting the facts of the making and execution of the aforesaid agreement for the purpose of adjusting the difference in amounts to be paid to the legatees, respectively, and of having a full, final, and equal adjustment and division between them of all the property remaining in the hands of the executors, excepting the Oneonta property, it provides that, "the said agreement, division, and transfer of said property being approved by the surrogate, it is now adjudged and decreed that the said conveyance and transfer of said property to the said May Stanton Baldwin shall be valid and effectual, and vest in her the absolute title to the property so conveyed and transferred to her forever, and that the same is and shall be a full and complete satisfaction and discharge of all her interest and claim in and to the property of said estate, and against the said executors thereof, excepting the said real property" at Oneonta. The decree further provides that the executors shall care for and manage the property left in their hands and set off to the use of William G. Stanton by the agreement and division as trustees for the use and benefit of the said William G. Stanton, pursuant to said will, and subject to the trusts thereby created, and that they shall continue to hold, care for, and manage the property at Oneonta as trustees for the use and benefit of May Stanton Baldwin and William G. Stanton, subject to the duties and liabilities as trustees provided by law or imposed by the said last will and testament.

I do not think, in view of these facts, that the plaintiffs are in a position to ask for the construction of the terms and provisions of the will of Lewis N. Stanton generally. They are not heirs at law or next of kin of the testator, nor are they devisees in the will. Their rights and interests are all enforceable at law. They have acquired the fee in one-half of the Oneonta party, subject to the life interest of the defendant William G. Stanton, and upon his death without issue·

they would take the principal of the estate. But they have no present interest in the estate as such, and make no claim, certainly no proof, that their future contingent rights are in any way jeopardized by its mode of management. The settlement made by their mother with the defendant William G. Stanton is sufficient to prevent them from now asserting that the trust created for him is invalid. She recognized its validity, and divided the estate in accordance with its terms; and no ground exists for equitable interference in the absence of fraud, duress, mistake, or other fact calling for the application of equitable doctrines. The claim made by the plaintiffs that the codicil suspends the alienation of the Oneonta property for more than two lives seems unfounded. The lien of the widow's annuity is an incumbrance, merely, involving no interest in the property itself. Nor can I adopt the plaintiffs' construction of the terms of the codicil, by which it is sought to make one-half of the income from that property payable to them since their mother's death. There seems to be no ambiguity in the language directing that the survivor of the testator's children should receive "all the income." I do not intend to decide that the plaintiffs have not such an interest in the estate as would entitle them to a voice in its management, and in the selection of a successor to the trustee, and a successor to their mother as trustee of the one-half interest of the defendant William G. Stanton. As to the latter, as has been shown, no proof has been made of the existence of a vacancy, and the prayer of the complaint does not include the demand for such an appointment. Nor is any ground furnished for the removal of the acting trustee under the will, in the absence of all claim that he is not properly caring for the property in his hands, or that he is in any way imperiling the estate, or sacrificing its interests. The views herein expressed will be found generally supported by the cases of Whitney v. Whitney, 63 Hun, 59, 18 N. Y. Supp. 3; Chipman v. Montgomery, 63 N. Y. 221; Horton v. Cantwell, 108 N. Y. 255, 15 N. E. 546; and Mellen v. Mellen, 139 N. Y. 210, 34 N. E. 925. I direct that the complaint be dismissed, but without costs.

Complaint dismissed, without costs.