———————o·o·o———————

## Wilson H. Woodruff and Ann, his wife, *vs.* Simeon Cook, Rose Ellen, his wife, and others.

A testator, by his will, devised and directed as follows: "First. The whole of my property, personal as well as real estate, stock and every thing else, I give to my wife during her lifetime. My estate, rights and titles, are to be in the occupancy of my daughter, R. E., with the appurtenances thereof. In case she has no children, and should die before her husband, he is to have the benefit of it during his lifetime. At his death it is to be divided equally among the rest of my children. In case R. E. has children, it is secured to her and them forever. I give my son W. $100, to be indorsed on the instrument I hold against him. I give to my daughter G. $200 in money. I give to S. $200 in money. Likewise I give to W. $25 in money. These several legacies are to take place at my death." The testator then appointed two persons executors of his will. The only real estate left by the testator consisted of a farm, which was occupied by his widow, until her death, and afterwards by E. R. and her husband, S. C. She was about forty years of age, and had never had a child. In an action by the administrators with the will annexed, against S. C. and R. E. his wife and others, to obtain a judicial construction of the will, and to restrain S. C. and R. E. from committing waste on the farm, and for a partition of such farm, it was

*Held,* 1. That the devise of a life estate in the farm to the husband of E. R. if the latter should die without issue, was void, for the reason that, by giving it effect, the will would suspend the absolute power of alienation of the farm for the period of three lives in being at the time it was made.

2. But that the previous devises of estates in the farm for and during the lives of the widow and E. R. were valid.

Woodruff *v.* Cook.

3. That the life estates given to the widow of the testator, and E. R. were independent devises, and were not affected by that to the husband of E. R., or by the one to the rest of the testator's children, if she should die without issue.

4. That the provision of the will declaring that in case E. R. has children, the farm " is secured to her and them forever," was valid; and in case she should have a child, E. R. would take the farm absolutely in fee.

5. That upon the death of both the widow and E. R. the absolute title to the farm would vest in the rest of the testator's children, if E. R. should not have a child, in the same manner as if nothing had been said in the will respecting a life estate in her husband.

6. That the children of the testator, other than E. R., had no vested interest in the farm, under the will.

7. That the plaintiffs had not such an interest in the farm as entitled them to a partition, or sale, of it.

8. That the plaintiffs could not maintain an action of waste, for an injury done to the inheritance.

9. That although the brothers and sisters of E. R. might perhaps be entitled to an injunction to restrain her and her husband from committing waste on the farm, the plaintiffs, not being children of the testator, were not entitled to any relief for waste committed, or threatened.

10. That there was no necessity for bringing this action to obtain a construction of the will, and it could not be maintained without the aid of the statute of 1853, relative to disputed wills. (*Laws of* 1853, *ch.* 238.)

11. That that statute did not authorize the plaintiffs to maintain the action.

ACTION to obtain a judicial construction of the last will and testament of John Woodruff, deceased, and to restrain and enjoin the defendants Simeon Cook and Rose Ellen Cook, his wife, from committing waste on a farm situated in Otsego county, which the deceased owned at the time of his death; and for a partition of such farm.

The will of the deceased was dated and executed August 21, 1855, and by it the testator devised and directed as follows, viz: "First. The whole of my property, personal as well as real estate, stock and every thing else, I give to my wife during her lifetime. My estate, rights and titles are to be in the occupancy of my daughter, Rose Ellen, with the appurtenances thereof. In case she has no children, and should die before her husband, he is to have the benefit of it during his lifetime. At his death it is to be divided equally among the rest of my children. In case Rose Ellen has children, it

is secured to her and them forever. I give my son Wilson H. Woodruff, one hundred dollars, to be indorsed on the instrument I hold against him. I give to my daughter Gratis G. Warrington, two hundred dollars in money, I give to Sarah Ann Stranghan, two hundred dollars in money; likewise I give to Charles B. Woodruff, twenty-five dollars in money. These several legacies, namely, to Wilson H. Woodruff, Gratis G. Warrington, Sarah Ann Straughan and Charles B. Woodruff, are to take place at my death. I hereby appoint as executors and administrators, DeWitt C. Clyde and Henry A. Almy. In witness," &c.

The will was duly attested and witnessed. It was proved before the surrogate, and recorded soon after the death of the testator. The plaintiff, Wilson H. Woodruff, took letters of administration on the estate, with the will annexed.

The farm in question was the only real estate left by the testator. It was occupied after his death by his widow, Mary Woodruff, until she died, in 1859. Ellen Rose Woodruff was married to the defendant Simeon Cook, in 1855, previous to the date of the will, and she and her husband have occupied the farm in question since the death of Mary Woodruff. Ellen Rose was about forty-three years of age, at the time the action was commenced, and she has never had a child. Her husband is over sixty years of age. The defendants, Ellen Rose and her husband, Simeon Cook, alone defended the action.

The action was tried at the Otsego special term, in August, 1865. The judge held that the widow of the testator, Mary Woodruff, took a life estate, under the will, in the farm in question, and that Ellen Rose now has a life estate in the farm, by the will, and that she will have title in fee thereto, by the will, if she should have any children. That the plaintiffs have no such interest in the farm as would allow them to maintain the action, and he dismissed the complaint, with costs. The judge did not hear any evidence as to whether Ellen Rose and her husband had committed any

Woodruff *v.* Cook.

waste upon the farm. The plaintiffs excepted to the different findings of the judge; and after judgment was entered against the plaintiffs, in conformity with the findings of the judge, they appealed from the judgment, to the general term of this court.

*James E. Dewey,* for the plaintiffs.

*D. C. Bates,* for the defendants Ellen Rose and Simeon Cook.

BALCOM, J.  The will gave the widow of the testator an estate in the farm in question, for and during her life, and after her death it gave the farm to Ellen Rose, during her life, and, if she should have a child, it gave her the farm in fee.  The widow and Ellen Rose were both living at the time the will was made, and the devises to them were valid, unless the attempt of the testator to give the husband of Ellen Rose an estate, during his life, in the farm, if she should die without having issue, previous to the decease of her husband, destroys those devises.  The statute is, " where a remainder shall be limited on more than two successive estates for life, all the life estates subsequent to those of the two persons first entitled thereto, shall be void, and upon the death of those persons, the remainder shall take effect, in the same manner as if no other life estates had been created." (1 *R. S.* 723, § 17.) The devise of a life estate in the farm to the husband of Ellen Rose, if she should die without issue, was void ; for by giving it effect, the will would suspend the absolute power of alienation of the farm for the period of three lives in being at the time it was made, which could not be done. (1 *R. S.* 723, § 15.)  But the previous devises of estates in the farm, for and during the lives of the widow and Ellen Rose, were valid ; for the statute only declares that " every *future* estate shall be void in its creation," which shall suspend the absolute power of alienation for a longer period than during the continuance of two lives in being at the creation of the estate.  (1 *R. S.*

723, §§ 14, 15.)    The "future estate," that would suspend the power of alienating the farm for a longer period than that authorized, is the one for life that the testator attempted to give to the husband of Ellen Rose, and that only was void. The trusts in *Hawley* v. *James,* (16 *Wend.* 61;) *Yates* v. *Yates,* (9 *Barb.* 324,) and *Amory* v. *Lord,* (5 *Selden,* 403,) distinguished those cases from this.    The life estates, given by the will, in this case, to the widow of the testator and Ellen Rose, are independent devises, and they are not affected by that to the husband of Ellen Rose, or by the one to the rest of the testator's children, if she should die without issue.    The widow and Ellen Rose, therefore, were as clearly entitled to their life estates in the farm, as they would have been if no attempt had been made by the testator to give a third life estate in it to the husband of Ellen Rose.

The devise of the farm to Ellen Rose for life, being valid, it follows that the provision of the will, declaring that in case she has children, the farm "is secured to her and them for ever," is also valid; and should she have a child she would take the farm absolutely in fee.

The clause in the will, that in case Ellen Rose shall have no children, the farm shall be divided, at the death of her husband, equally among the rest of the testator's children, will entitle such children to the farm absolutely, on the death of Ellen Rose without having any issue.    It is provided by statute, "when a remainder shall be created upon any such life estate, and more than two persons shall be named as the persons during whose lives the life estate shall continue, the remainder shall take effect upon the death of the two persons first named, in the same manner as if no other lives had been introduced."    (1 *R. S.* 724, § 19.)    According to this statute, upon the death of both the widow and Ellen Rose, the absolute title to the farm in question, will vest in the rest of the testator's children, if Ellen Rose should not have a child, in the same manner as if nothing had been said in the will respecting a life estate in her husband.

Woodruff *v.* Cook.

The children of the testator, other than Ellen Rose, have no vested interest in the farm in question, under the will. They may have a future estate in the farm ; for whether Ellen Rose will have a child remains uncertain. Whether they have a contingent estate in the farm, see 1 *R. S.* 123, § 13 ; 18 *N. Y. Rep.* 412 ; 31 *Barb.* 560.

I am of the opinion the evidence justified the judge in holding that the stipulation, executed by Ellen Rose, setting aside the will in question and declaring it null and void, was obtained under such circumstances that it was not binding upon her. Whether it would have bound her if she had known its contents, when she signed it, need not be determined.

The plaintiffs did not have such an interest in the farm as entitled them to a partition or sale of it. (15 *N. Y. Rep.* 617. 2 *Barb. Ch.* 398.)

A person must be seised of an estate in remainder or reversion, to maintain an action of waste for an injury done to the inheritance, when there is an intervening estate for life or years. (1 *R. S.* 750, § 8.) But it is claimed that the plaintiffs are entitled to equitable relief, and should have an opportunity to show that the defendants, Ellen Rose Cook and her husband, are committing waste upon the farm, and have an injunction to restrain those defendants from committing waste thereon. It is true that a court of equity will sometimes interfere to prevent waste, when the party complaining could not maintain an action at law, against the wrongdoer. And I will not say but the situation of the brothers and sisters of Ellen Rose is such as would entitle them to an injunction, to restrain her and her husband from committing waste on the farm in question ; for they will have the absolute title to the farm if Ellen Rose should die without having issue, and she may not have any. (*See* 2 *Story's Eq. Jur.* § 914.) But the plaintiff, Ann Woodruff, is not a child of the testator, and is not entitled to any relief for any waste committed or threatened to the farm. I am therefore of the opinion that the case should not be sent back to the special term, to allow

Woodruff *v.* Cook.

the plaintiffs the privilege of giving evidence to show, if they can, that Ellen Rose Cook and her husband have committed, or threaten to commit, waste on the farm. If the brothers and sisters of Ellen Rose think they can maintain a suit in equity, against her and her husband, to restrain them from committing waste on the farm, they should join as plaintiffs in bringing such a suit.

There was no necessity for bringing this action to obtain a construction of the will in question, and it could not be maintained without the aid of the statute of 1853. (*See Bowers* v. *Smith,* 10 *Paige, Ch.* 93; *Onderdonk* v. *Mott,* 34 *Barb.* 106.) But I am constrained to hold that the act of 1853 authorized the plaintiffs to bring this action. (*Laws of* 1853, *p.* 526.) This act is not cited by counsel for either party, and it is not probable the attention of the judge was called to it, at the special term.

The action was brought for the exclusive benefit of the children of the testator, other than the defendant Ellen Rose, and claims are made in the complaint, which are not sustained, and which rendered it necessary for Ellen Rose and her husband to defend the action. It is therefore a case in which each party should pay their own costs. (9 *Paige,* 211. 2 *Barb. Ch. Pr.* 322.)

My conclusion is, that the judgment in the action should be reversed, and one entered construing the will in question in conformity with this opinion, without costs to either party.

My brethren concur in the foregoing views, except that they are of the opinion the statute of 1853 does not authorize the plaintiffs to maintain this action. And the judgment in it is therefore affirmed with costs. To which affirmance I dissent.

[BROOME GENERAL TERM, November 20, 1866. *Parker, Mason, Balcom* and *Boardman,* Justices.]