HIRAM WILLIAMS, RESPONDENT, *v.* FANNY PEABODY, APPELLANT.

*Vested remainder — action to restrain waste — who can maintain — Residuary legatee — when he may compel a discovery of personalty held by life beneficiary.*

The plaintiff was the owner of an estate in certain land for the life of B., to commence upon the termination of an estate of the defendant therein for the term of her natural life. *Held,* that he had a vested remainder therein, and could maintain an action to restrain the defendant from the commission of waste.

Defendant was entitled, under the will of her deceased husband, to use certain personal property, in her due discretion, for any purpose and in any reasonable manner, and in such use to consume and exhaust the same, if necessary for her own care and support, and the plaintiff was entitled to receive whatever might remain after her death. *Held,* that he was entitled to maintain an action to compel the defendant to render an account as to the *items* of personal property received by her, no inventory thereof having ever been made.

APPEAL by the defendant from a judgment in favor of the plaintiff, directed by a justice of this court, before whom the action was tried without a jury. The action was an action of waste, and for an accounting in regard to personal property. The plaintiff demanded judgment for damages; also for forfeiture of the defendant's estate, and for protection of his rights in the personal property. By the judgment, the plaintiff was awarded an injunction to stay waste, and an accounting was ordered as to the personal property, with costs of the action against the defendant. From this judgment the defendant appeals to the General Term.

*A. D. Knapp,* for the appellant.

*W. H. Johnson,* for the respondent.

BOCKES, J. :

The property, both real and personal, as to which relief is sought in this action, came to the defendant under the will of her deceased husband, John Brainard. By that instrument the defendant took an estate for her own life in the lands and premises, with the right also to use the personal property, in her due discretion, for any purpose and in any reasonable manner, and in such use to consume and exhaust the same if necessary for her own support. The remainder of both the real and personal property was, by such will, given and

devised to one John Day Walworth. The latter died intestate leaving no widow nor descendant, but leaving a father, Gilbert Walworth, him surviving. John D. Walworth, the legatee and devisee, was the nephew of the testator on his mother's side, consequently, under the circumstances of survivorship in his case (which it is here unnecessary to detail), his father, Gilbert Walworth, took, under the statute of descent, a life interest or life estate for his own life, in the real property, subject to the defendant's life estate therein (*Morris* v. *Ward*, 36 N. Y., 587), and he inherited from his son an absolute interest in the personal property, subject to the defendant's right to its use and enjoyment during her life, as above stated. These rights of property, so held by Gilbert Walworth, as heir and next of kin of his son John D. Walworth, were acquired by the plaintiff in this action and were held by him for a considerable time prior to, and until the commencement of the suit.

It is not deemed necessary to state the facts of the case more in detail, as there cannot be, and indeed is not, any question raised in regard to them; certainly not as affecting the title of the respective parties. We may assume, therefore, that the plaintiff's rights of property, both as regards the real and personal estate, are the same as were those of Gilbert Walworth; and that they are correctly herein above given. It is seen, therefore, that the estate of the plaintiff in the real property was a remainder for the life of Gilbert Walworth to commence in possession on the decease of the defendant. True, whether it would ever take effect *in possession* was uncertain; being made to depend on the fact whether Gilbert Walworth should survive the defendant. Nevertheless, it was a vested remainder. Kent says, "a vested remainder is a fixed interest to take effect in possession after a particular estate is spent. If it be uncertain whether the *use* or *estate* limited *in future* shall ever vest, that use or estate is said to be in contingency. But though it may be uncertain whether a remainder will ever take effect *in possession*, it will, nevertheless, be a vested remainder if the interest be fixed." (4 Kent, 202.) And, again, he says, "it is the present *capacity* of taking effect in possession, if the possession were to become vacant, and not the certainty that the possession will become vacant before the estate limited in remainder determines, that distinguishes a vested from a contingent remainder" (id., 203); and again, "it is

not the uncertainty of enjoyment in future, but the uncertainty of the *right* to that enjoyment, which marks the difference between a vested and contingent interest." (Id., 206.) Now, here the uncertainty was as to the enjoyment in future, not as to the right of that enjoyment. The plaintiff's right to enjoy the estate, on the determination of the intermediate one, was fixed and certain. Consequently his estate was a vested remainder for the life of Gilbert Walworth, to commence in possession on the decease of the defendant. Against injury to such interest by the defendant, who held the intermediate estate, the plaintiff might claim and should have the protection of this court. While he might not have a right of recovery at law for damages, yet he could have a remedy in equity by injunction to stay waste. Even when there is only a contingent estate, a court of equity will not permit waste to be done to the injury of such estate. So an injunction will be granted when the aggrieved party has equitable rights only. (2 Story's Eq., §§ 913, 914, 919; Willard's Eq. [Potter's ed.], 139; *Woodruff* v. *Cook*, 47 Barb., 304.) In this case no right of recovery for damages was shown, and none were allowed. So the claim for judgment of forfeiture and eviction was not sustained, as such judgment could only be given when the injury to the estate in reversion or remainder should be adjudged to be equal to the value of the tenant's estate or unexpired term, or to have been done in malice. (Code, § 452.) This was not here so adjudged. But the plaintiff had rights which the court, in the exercise of its equitable powers, could protect. The defendant was shown to have suffered permissive waste, as the learned judge who tried the cause has found, in "utter defiance of, and disregard for, the plaintiff's rights." He also finds that the plaintiff's interest in the real estate is exposed to loss and injury, and is liable to be seriously affected by the improper manner in which the defendant, just previous to the commencement of the action, permitted the same to be wasted and injured. These findings are not without sufficient support under the proof. The injunction was, therefore, properly awarded.

As regards the personal property, no other judgment than for an accounting as to *items* was directed. This was proper, inasmuch as the plaintiff had a right to know of what it consisted. No inventory of the property had been made, and the defendant

used it for her own purposes, denying all right thereto in any other party. The action is not for an accounting by the defendant as executrix, but to compel a disclosure of the nature and kind of property received by her, with a view to its due preservation and ultimate application according to the terms of the will. This the plaintiff may demand, and to such relief he is entitled, holding as he does the position and rights of residuary legatee. It is but right and equitable that the defendant, who has received the property, should discover and set it forth, and refusing so to do, the court of equity may compel it. True, the defendant may use the property for her own proper and necessary purposes, and may, if required for her necessary support, wholly consume and exhaust it; but the plaintiff is entitled to have whatever shall remain of it on her decease. The judgment here ordered, to the effect that the defendant should render an account of the items of the property, was therefore just and proper, with a view to protect the plaintiff in his rights relating thereto.

The granting or withholding of costs to the respective parties rested in the discretion of the court, as the cause was tried and is now argued before us as an equity case.

The plaintiff, it seems, failed on the most important claims, charges and demands put forward in the complaint; and it may be added also that the defendant put herself on untenable grounds of defense in several important particulars. Perhaps a very just disposition of this question would have been the withholding of costs from each party as against the other. But the learned judge in the exercise of his discretion adjudged otherwise, and doubtless based his conclusion on what he deemed the wrongful and unjustifiable course pursued by the defendant in her use of the property. He has characterized her conduct with reference to the property as willful and in utter disregard of the plaintiff's rights. It cannot be maintained, I think, under the proof and findings of the learned judge, that his conclusion was erroneous as an improper exercise of, or abuse of discretion.

The judgment appealed from must be affirmed, with costs.

LEARNED, P. J., and BOARDMAN, J., concurred.

Judgment affirmed, with costs.