Bates *v.* Hillman.

[NEW YORK GENERAL TERM, February 1, 1865. *Ingraham, Sutherland* and *Clerke,* Justices.]

BATES, Executor, &c. *vs.* HILLMAN.

C. H. at the death of a testatrix, being indebted to her over $1700, her will contained the following clause: " I hereby direct that C. H. shall not be required to pay upon any part of his indebtedness to me any thing more than the interest thereon for the term of five years after my decease."
*Held* that this clause discharged or forgave the principal of C. H's indebtedness, requiring him to pay only the interest thereon for five years.
*Held, also,* that the testatrix having made a will, the presumption was that she did not intend to die intestate as to this portion of her estate.

THIS action was brought by the plaintiff, as executor of Lurana Cotes deceased, to recover demands claimed to be due to the testatrix from the defendant. The defendant alleged in his answer, and claimed on the trial, that the indebtedness was discharged by the testatrix, by the 7th clause of her will. On the trial the court ordered a verdict for the defendant. Exceptions were taken, which were ordered to be heard in the first instance at a general term.

*D. C. Bates,* plaintiff, in person.

*N. C. Moak,* for the defendant.

*By the Court,* PARKER, P. J. The defendant was indebted to Lurana Cotes, the plaintiff's testatrix, at the time of her death, upon three several demands, amounting to upwards of

$1700, to recover which this action is brought.  He sets up the will of the testatrix as a defense, by which he insists the debt is discharged, after payment by him of five years interest thereon from the time of her death, which he alleges, and which it was admitted, he has paid.  The clause in the will under which the defendant claims that the indebtedness is discharged is as follows :  "Seventh. I hereby direct that Calvin Hillman shall not be required to pay upon any part of his indebtedness to me anything more than the interest thereon for the term of five years after my decease."  The will consists of but eight clauses.  The six preceding the one above set out, are devoted to the giving of legacies, and each commences with the words, "I give and bequeath."  The eighth and last clause is the one appointing the executor.  The testatrix was a widow, without children, but having nephews and nieces, to whom legacies are given by some of the preceding clauses of the will.  She resided at the time of her death with Margaret Sliter, not a relative, to whom she bequeathed one thousand dollars.  She was seventy-six years old at the time of her death ;  had been in the habit of visiting at the defendant's from time to time, frequently staying a week, and had often received visits from the defendant and his wife, at Mrs. Sliter's ; and the defendant's wife was there during her last sickness and helped take care of her.  She died possessed of sufficient personal property, exclusive of her demands against the defendant, to pay her debts and legacies and the expenses of administration.

On the trial at the circuit, the court held, that by the seventh clause of her will the indebtedness for which this suit is brought, except the five years interest thereon, which had been paid, was discharged, and directed a verdict for the defendant, to which ruling the plaintiff excepted, and the exceptions were ordered to be heard in the first instance at general term.

The simple question presented is, how is the seventh clause of the will to be construed?  Does it intend to discharge the

Bates *v.* Hillman.

whole indebtedness of the defendant, except the five years interest, or merely to extend the credit upon the principal for a term of five years after the decease of the testatrix ? It is extremely difficult, if not impossible, to determine from the order and grammatical arrangement of the words used, unpunctuated as they are, which of the two constructions to give to the clause in question; and it is clearly, if not equally, susceptible of both.

It is insisted by the plaintiff that the change of expression from "I give and bequeath," as it is in the first six clauses, to "I hereby direct," in the seventh clause, indicates a change of purpose, and shows that no gift was intended by the seventh clause. But when it is considered that the benefit intended to be conferred by the seventh clause, if the defendant's construction is to prevail, is to discharge an indebtedness, it will be seen that the language adopted is quite as appropriate to that purpose as that used in the previous clauses would have been. It is also said that the plaintiff's construction is the more obvious and natural one, inasmuch as it is improbable, if the testatrix intended to discharge the debt, that she would have reserved the interest on it for five years. And this criticism is certainly not without weight. On the other hand it is said that the presumption is that the testatrix, having made her will, did not intend to die intestate as to the portion of her estate consisting of the defendant's indebtedness to her, as it is admitted she did if the indebtedness is not discharged. It is undoubtedly true that a court will usually, in a case of doubt, avoid such construction of a will as would lead to an actual intestacy. (4 *Ves.* 59, *n.* 2. 3 *id.* 426, *n.* 3, 367.) And although this rule has a more special application to the residuary clause in a will, still I think it is not wholly confined to such cases ; but that in this case, from the fact that this portion of the estate was in the mind of the testatrix when making her will, and is introduced into it by language which is ambiguous, the presumption above alluded to arises, to assist the con-

Bates *v.* Hillman.

struction and induce that which shall prevent intestacy as to the property in question.

There is another consideration which seems to me very strongly to tend to the same construction. The fact that the testatrix had undertaken, in this clause of the will, to do something for the benefit of the defendant, is, I think, undeniable. Now there is nothing in the case to show that five years credit on the principal of the debt, the interest being required, was a benefit to the defendant, or could have been so considered by the testatrix. It is certainly not a self evident proposition that it was such benefit. It often happens that the delay of payment of principal which is over due when the interest is paid is an advantage to the creditor rather than to the debtor. The intent of the testatrix to benefit the defendant, does not, therefore, seem to be carried out by the plaintiff's construction ; and in order to give effect to such intent, we are driven to the other construction, which makes the clause a discharge of the debt.

Upon the whole I am inclined to think the ruling at the circuit was right, and that a new trial should be ordered and judgment given upon the verdict for the defendant.

Judgment accordingly.

[Broome General Term, January 26, 1865. *Parker, Mason* and *Balcom,* Justices.]