JONAS S. HEARTT AND EDWARD SCHELL, AS EXECUTORS, ETC., OF JONAS C. HEARTT, DECEASED, AND SAID JONAS S. HEARTT, INDIVIDUALLY, RESPONDENTS, v. LOUISE P. W. LIVINGSTON, IMPLEADED WITH OTHERS, APPELLANT.

*Will — construction of — devise to " my four children," viz., etc. — revocation as to one share — when such share should be divided among the other devisees.*

Plaintiffs' testator, by his will, after giving certain specific legacies, provided:
" Item Eighth—After the payment of my just debts and funeral charges, I give and bequeath the rest and residue of my property, real and personal, of every kind and description, to my four children, M. W. H., C. S. H., J. S. H., and J. L. H., to be divided between them, share and share alike;
" Item Ninth—In the event of any of my children dying, or either of them, before the division of my estate, leaving issue, then the share or shares to which he, or they, respectively, would be entitled under and by virtue of this will shall go to his, her or their issue respectively."
Subsequently he executed a codicil by which he revoked and cancelled " the devises and bequests, and each and every of them, embraced in my said will to the said Charles S. Heartt." At the time of the making of the will and of the codicil, Charles S. Heartt was living and had issue then living, a daughter. He died, however, before the testator.
In an action brought for the purpose of obtaining a construction of the will, *held,* that the daughter could take only such share as her father would have been entitled to were he then living, and that as the devise as to him had been revoked, she took nothing.
That the testator did not die intestate as to the share devised to the said Charles, but that said share should be divided among the other three children.

APPEAL from a judgment of the Rensselaer Special Term construing judicially the last will and testament of Jonas C. Heartt, deceased.

*John B. Gale,* for appellant, Mrs. Livingstone.

*E. Cowen.* for Mrs. Schell.

*Charles E. Patterson,* for respondents.

OSBORN, J.:

On the 10th day of February, 1870, Jonas C. Heartt made his last will and testament. The material provisions are as follows:

First. He gave to his daughter, Mary Wright Heartt, a house

and lot and certain specific legacies.   He also gave her an annuity of $5,000, or so much thereof as she should choose to take for the purpose of keeping up the establishment.   Second.   After some specific legacies, which need not be referred to, he proceeded as follows: "Item eighth.   After the payment of my just debts and funeral charges, I give and bequeath the rest and residue of my property, real and personal, of every kind and description, to my four children, Mary Wright Heartt, Charles S. Heartt, John S. Heartt and Jane Lamberson Heartt the wife of Edward Schell, to be divided between them share and share alike.

Item ninth.  In the event of any of my children dying, or either of them, before the division of my estate, leaving issue, then the share or shares to which he or she, or they respectively, would be entitled under and by virtue of this will, shall go to his, her or their issue respectively."

When this will was made, Charles S. Heartt was alive, and had living issue, namely, a daughter, the defendant, Mrs. Livingstone, who by the way is the only party appealing from the decree entered on the decision at the Special Term.

On the 14th day of January, 1874, and while Charles S. Heartt was living, the testator made a codicil to his will in the following language: " Whereas I, Jonas C. Heartt, of the city of Troy, county of Rensselaer, and State of New York, have made my last will and testament in writing, executed on the 10th day of February, in the year one thousand eight hundred and seventy, in which I have made certain devises and bequests to Charles S. Heartt, now therefore, I do by this, my writing, which I hereby declare to be a codicil to my said last will and testament, and to be taken as a part thereof, revoke and cancel the devises and bequests, and each and every of them embraced in my said will to the said Charles S. Heartt.   I also hereby revoke and cancel the appointment of the said Charles S. Heartt and of John P. Albertson, as two of my executors in said will named.   I also hereby declare that the devise of real estate in my said will to my said daughter Mary, is a devise of the same to her for her natural life, and such devise to her of all real estate contained in my said will, is to be construed and have effect as a devise of the same to her for her natural life; and lastly it is my desire that this codicil

be annexed to and made a part of my last will and testament, as aforesaid, to all intents and purposes."

Three questions as to the construction of this codicil were submitted to the court below:

First—Does Louise P. W. Livingstone take the share of her father, Charles S. Heartt, given him by the original will as a *contingent devise*, he having died before the testator, and the devise to his issue not being in terms, revoked?

Second—If this fourth, originally devised to Charles S. Heartt, does not go to the defendant Louise, then did Jonas C. Heartt die intestate as to that fourth; or does it fall into the residue and go to the other three children?

Third—Was the life estate in Mary Wright Heartt, created by the codicil, limited to the specific legacy of the house and lot, or did it extend to her interest in the testator's other real estate as his residuary devisee?

The Special Term decided as follows:

First—That the defendant Louise (the only person appealing) did not take the share originally given to her father by the will.

Second—That the share of Charles S. Heartt, revoked by the codicil, went to the other residuary legatees.

Third—That the life estate created by the codicil applied only to the house and lot specifically devised to Mary Wright Heartt.

Judgment was entered in accordance with this decision, from which the defendant Louise appeals to this court.

It seems to me entirely clear that the appellant can only take such share as her father would have been entitled to, in the event of his being alive at the time of the distribution of the estate.

The language employed in the ninth item is clear, free from all ambiguity, and can bear only one interpretation or construction: "In the event of any of my children dying before a division of my estate, leaving issue, then the share or shares to which he, she or they respectively would be entitled under and by virtue of my will, shall go to his, her or their issue respectively." So far as the rights of Mrs. Livingstone are affected or concerned, it is the same as though the testator had said: "If my son Charles S. Heartt shall die before a division of my estate, the share to which he would otherwise be entitled under and by virtue of my

will shall go to his daughter, Mrs. Louise Livingstone." Under this item, any interest which Charles, if living, would have at the division of the estate would clearly pass to his only child, Mrs. Livingstone, as heir-at-law. But she certainly can take nothing more. If Charles was living and would be entitled to any interest in his father's estate, just that interest, no more and no less, passes to the appellant. The codicil revokes all the provisions of the will in favor of Charles S. Heartt. It is in effect a republication of the will, and the two must be construed together as though the whole will was made at the time of the execution of the codicil. (*Van Cortlandt* v. *Kipp*, 1 Hill, 590; *Kipp* v. *Van Cortland*, 7 Hill, 346, and cases; *Howland* v. *Union Theological Seminary*, 5 N. Y., 193.) Now the language employed in the codicil is worthy of special note: "Now, therefore, I do by this my writing, which I hereby declare to be a codicil to my said last will and testament, and to be taken as a part thereof, *revoke and cancel the devises and bequests, and each and every of them embraced in my said will, to the said Charles S. Heartt.*"

By the codicil it seems to me very clear that if Charles S. Heartt had been living at the time of the division of the testator's property, he could not have been entitled to the one-fourth provided for in the original will. If not, it follows that there is no reason or foundation for the claim or argument that his daughter, Mrs. Livingstone, is entitled to such interest. For as we have seen by the clear language used in the ninth item, she could take no more than Charles would have been entitled to if living.

But a more serious question arises which the court is called upon to determine. That is, whether the testator in making the codicil intended to die intestate as to that part of his estate which, but for the codicil, would have gone to his son Charles. Whether such a construction is the proper one to be given to the will and codicil taken together and construed as one instrument. Or did the testator by striking out the name of Charles intend that the will should be read as though that name had never been inserted ?

It is undoubtedly a well settled legal principle, that where a person dies leaving a will, the presumption is that such person did not intend to die intestate as to any portion of his estate, and the court in cases of doubt will avoid such a construction as leads to

and results in intestacy as to any portion of the testator's estate. (*Bates' Executor*, v. *Hillman*, 43 Barb., 645; see opinion of Mr. Justice PARKER, pages 647–8; *Shaw* v. *McMahon*, 4 Dru. & War., 438.) It is also the general rule, as contended for by the learned counsel for the appellant, that a gift to several persons by nomination is a gift to each of a particular share, and if one of the persons dies, or the gift to him fails, the survivors do not take. But this rule is not an inflexible one and must yield if contrary to the manifest intent of the testator. (*Hoppock* v. *Tucker*, 59 N.Y., 208, opinion by CHURCH, J.; *Jackson, Executor*, v. *Roberts*, 14 Gray, 546.) The difficulty in this case is that there is no gift to Charles. By the codicil his name is entirely stricken from the will. The devises to him are revoked and cancelled by the codicil. It is evident that when the original will was made, the testator intended to dispose of his property (after the provision for Mary and the specific legacies given to his four children, Charles among the rest), by dividing it among his children equally, share and share alike. He does not say, to each the one-fourth part thereof. If he had this might have materially changed the construction which should now be given. The residue is given to the four to be divided equally, share and share alike. Years afterwards the feelings of the testator from some cause or other became changed and he then made this codicil, in and by which all devises and bequests to Charles are revoked and cancelled. Is it not entirely clear that he meant to cut off Charles from any and every interest or share in his estate? Of this it seems to me there can be no reasonable question. This intent must be gathered from reading the will and codicil together as one instrument, treating them as one instrument and construing them together. Suppose in the original will instead of saying my "four children" he had used the language "my children." Then follow the words "to be divided equally, share and share alike." By the codicil the name of one child is eliminated and any bequest to him cancelled and revoked. Would not the will remain undisturbed as to the other three, *i. e.*, would not the entire residue go to the remaining children, to be divided equally, share and share alike? Or suppose he had said I give to my children Mary, Charles S., Jonas S. and Jane, the rest and residue, etc., "to be divided equally, share and share alike." By his codicil he cancels

and revokes the bequest to Charles. Does this not leave the instrument to be interpreted precisely as though the name of Charles never had been inserted therein? Would not the other three take the entire residue? I think so, beyond all question. Nor do I think any different construction can properly prevail, because he says "my four children," and then follows with the names Mary, Charles, Jonas S. and Jane. Without further discussing the questions involved I may add that I fully agree with the conclusions arrived at by the learned justice at the Special Term. First, that the appellant did not take the share originally given to her father by the will in question, and second, that the share of Charles in the original will, revoked by the codicil, went to the other residuary legatees.

I have not examined particularly the effect of the codicil so far as Mary Wright Heartt is concerned, as no one appears but the defendant Louise, and she has no interest in that question. I am however of the impression, from the language of the codicil, that the life estate created thereby only applied to the house and lot specifically devised to Mary Wright Heartt, as decided at Special Term. In view of the conclusions at which I have arrived I have not deemed it important to examine the question as to whether this action is properly brought. (*Chipman et al.* v. *Montgomery, etc.*, 63 N. Y., 221, 232; *Bailey* v. *Briggs*, 56 id., 413.) I have preferred to dispose of the case on the merits.

It follows that the judgment and decree appealed from must be affirmed, with costs against appellant.

LEARNED, P. J.:

I concur, but without expressing any opinion as to the effect of the codicil, so far as the legacy to Mary Wright Heartt is concerned, or as to the right to maintain this action.

BOCKES, J., concurred.

Present — LEARNED, P. J., BOCKES and OSBORN, JJ.

Judgment affirmed, with costs.