JOHN H. WARREN et al.

*v.*

ROBERT D. WARREN et al.

[Submitted January 25th, 1909. Decided March 19th, 1909.]

1. The general jurisdiction of equity over express private trusts in land necessarily includes the power to construe and enforce them.

2. A person claiming no rights or duties under a trust in land, but claiming the legal title to the land, cannot invoke the aid of equity for the construction or execution of the trust.

3. A bill to remove a cloud from complainant's title to land will not lie, where the estate asserted is a purely legal one and defendants are in possession.

On bill and demurrer.

The bill seeks an ascertainment by this court whether a certain trust created by a deed of trust referred to in the bill now exists, and prays that if the trust is found to exist it may be construed and enforced. Defendants Robert D. Warren and Caroline C. Warren have demurred to the bill and specified as grounds of demurrer the existence of an adequate remedy of law and want of equitable jurisdiction over the subject-matter disclosed by the bill.

The deed of trust referred to in the bill bears date March 16th, 1844. By it Richard Warren, in consideration of natural love and affection for his wife, Susan D. Warren, and his children, Richard H. Warren, George W. Warren, William H. Warren, Emeline Warren, John H. Warren, Robert D. Warren and Mary Warren, and the further consideration of fifty cents, conveyed to Frederick Knighton certain real estate in trust

"that the said Frederick Knighton, his heirs and assigns, shall and will permit the said Susan D. Warren, Richard H. Warren, George W. Warren, Emeline Warren, John H. Warren, William W. Warren, Robert D. Warren and Mary Warren, and the survivors of them, to possess and enjoy the same and receive the rents, issues and profits thereof and to rent the same to any tenant or tenants for their own separate use and the use of the survivors of them."

After the execution of the trust the several beneficiaries named therein took possession of the real estate, and as the beneficiaries have since, from time to time, died, the survivors have continued to possess the premises and to receive the rents, issues and profits thereof, and at this time only two of the beneficiaries named in the trust deed are alive, viz., Robert D. Warren and Mary Warren Wright, who continue to possess and enjoy the premises. Complainants are grandchildren of settlor, and all of the complainants are children of beneficiaries named in the deed of trust who have since died. There are no words of limitation in the said trust deed. The settlor died February 12th, 1862. Frederick Knighton, the trustee named in the deed of trust, has since died, and no trustee has been appointed in his place. The bill set forth:

"That the rights of the said Robert D. Warren and Mary Warren Wright and of your orators and the other children of the deceased children of your orators' grandfather, Richard Warren, should be ascertained and determined, in order to determine what are their respective present rights and interests under the said trust deed, because the said Robert D. Warren and Mary Warren Wright claim and pretend that a fee simple passed to them by the said trust deed, and your orators charge that the said Robert D. Warren and Mary Warren Wright have thereunder only an estate for life in an undivided one-seventh part of said premises and that your orators as such heirs-at-law of said Richard Warren, deceased, have now a present interest in fee in an undivided part of said premises, but that such respective interests of the several heirs of said Richard Warren, deceased, can only be fixed and determined by your Honor construing the terms and effect of said deed of trust," * * * "That the said Robert D. Warren and Mary Warren Wright make various objections to your orators' interpretation of the terms of said deed of trust and of the effect thereof and refuse to your orators the possession and enjoyment of their respective undivided interest in the premises and of the rents, issues and profits thereof, excluding them therefrom, and it is claimed by the said Robert D. Warren and Mary Warren Wright, that they are the owners in fee of said premises, by means whereof your orators cannot get possession of their rights without assistance of this Honorable Court."

*Mr. Charles E. Hendrickson, Jr.,* for the complainants.

*Mr. J. Lefferts Conard* and *Mr. Gilbert Collins,* for the defendants.

LEAMING, V. C.

The general jurisdiction of a court of equity over express private trusts of the nature of the trust set forth in the bill necessarily includes the power to construe and enforce such trusts. See *Pom. Eq. Jur.* §§ *153, 158, 219.* But I am unable to find any reason or authority which supports the privilege of a person who asserts no rights or duties under a trust to invoke the aid of a court of equity for either its construction or execution. Complainants assert no interests under the trust referred to in the bill either as *cestuis que trustent* or as trustees. They do not claim to have become entitled to any rights of the *cestuis que trustent* as such, or to have become entitled to any rights of the deceased trustee or to have become charged with the burden of the trust which was imposed upon the deceased trustee, but allege that as heirs-at-law of Richard Warren, their grandfather,

27

they are present owners in fee of an undivided part of the premises, and that defendants, under the claim that they are owners in fee of the entire premises, exclude complainants from possession. The real controversy thus presented involves a claim upon the part of complainants to the legal title to the premises in dispute and not the claim of a *cestui que trust* or *trustee* for the enforcement of rights under a trust or for the ascertainment of rights or duties arising from the trust. Where the jurisdiction of a court of equity to construe wills has been regarded as simply an incident of the general jurisdiction over trusts, complainants appear to have been uniformly required to assert rights or duties arising under a trust created by the will to entitle them to invoke the aid of a court of equity in the construction of a will. *Torrey* v. *Torrey, 55 N. J. Eq.* (*10 Dick.*) *410; Hayday* v. *Hayday, 39 Atl. Rep. 373; Bailey* v. *Briggs, 56 N. Y. 407; Chipman* v. *Montgomery, 63 N. Y. 221.* The situation presented by the present bill is analogous.

It is also manifest that the bill cannot be maintained as a bill to remove a cloud from the title of complainants or as a statutory bill to quiet title, for the estate asserted by complainants is, as already stated, a purely legal estate and defendants are in possession.

I will advise an order sustaining the demurrer.