This is a bill to rescind a trust agreement entered into by complainants and defendants on December 4th, 1923. The ground for rescission is stated to be misrepresentation of facts, with intent that such misrepresentations be relied upon, and that they were in fact relied upon.
The facts are briefly as follows: On March 2d 1923, Benjamin F. Banta, Jr., trading as Banta Banta, made a general assignment for the benefit of creditors to the defendant, Credit Mens Adjustment and Interchange Bureau, Incorporated. The bureau was to administer the business, distribute the assets among the creditors and return any surplus to Banta. In November, 1923, the bureau being in need of funds to pay new obligations and to purchase new stock entered into negotiations with complainants to induce them to advance further funds. These negotiations resulted in an agreement entered into between the parties on December 4th, 1923, whereby complainants advanced $2,500 to be used as follows: $1,500 to pay off the major portion of the current indebtedness, $500 to pay a dividend of ten per cent. on the old indebtedness, and the remainder for purchase of new merchandise. It seems clear from the testimony that Glenn K. Boyce, secretary of the defendant bureau and manager of the store, represented the liabilities to be in the neighborhood of $2,000, and the agreement of December 4th is to the same effect. Complainants acted on these representations and advanced $2,500 under the terms of the agreement. A month *Page 468 
afterward they ascertained that the liabilities actually amounted to $5,500.
Counsel for the defendant moved at the hearing to strike out the bill on the ground of lack of jurisdiction. This motion I denied. I believe the agreement created an express trust, defendant voluntarily became trustee, complainants cestui quetrustent. They received nothing in return for the money advanced by way of consideration. Equity has jurisdiction in the case of an express trust. Warren v. Warren, 75 N.J. Eq. 415. As to the question as to whether or not the defendant is bound by the representations of its agent and secretary, it is sufficient to cite Gordon v. Schellhorn, 95 N.J. Eq. 563, in which case Vice-Chancellor Bentley (at p. 565) says: "It being elementary that in equity the defendant is bound by the acts of his agent even to the extent of charging the former with fraud perpetrated by the latter. Nicholson v. Janeway, 16 N.J. Eq. 285."
In my opinion equitable fraud exists in this case. Vice-Chancellor Backes, in Sarson v. Maccia, 90 N.J. Eq. 433
(at p. 435), has stated the rule as follows: "Equity grants relief if the representations be false in fact even though not consciously made to defraud. Du Bois v. Nugent, 69 N.J. Eq. 145."
Vice-Chancellor Bentley followed this rule in Gordon v.Schellhorn, supra, citing Pom. Eq. Jur. 875, to the effect that "It is not essential in the equitable notion, although it is in the legal, that there should be a knowledge of, and an intention to obtain, the undue advantage, which results." See, also, Thompson v. Koewing, 79 N.J. Law 246, and Lembeck v.Gerken, 86 N.J. Law 111; affirmed, 88 N.J. Law 329. It is apparent, therefore, that defendant, acting through its duly authorized agent, represented the liabilities at $1,900 or thereabouts, when in reality they were $5,500. It intended its representations to be relied on, and they were relied on with the result that the security complainants expected to receive under the trust agreement was greatly impaired.
I will advise a decree according to the prayer of the bill, for the rescission of the agreement and the return of the $2,500 advanced, together with interest and costs. *Page 469